| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |

**CASE NO.:** <u>SA CV 15-01926 SJO (JCGx)</u>   **DATE:** <u>January 29, 2016</u>

**TITLE:**   <u>Jennifer Kent v. Director, California Office of Administrative Hearings, et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                               Not Present
Courtroom Clerk                                              Court Reporter

**COUNSEL PRESENT FOR PETITIONER:**            **COUNSEL PRESENT FOR RESPONDENT:**

Not Present                                                     Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PETITIONER'S MOTION TO REMAND** [Docket No. 12]

This matter is before the Court on the Motion to Remand the action to the Superior Court of California, Orange County ("Motion"), filed by Petitioner Jennifer Kent, in her official capacity as Director of the California Department of Health Care Services ("Petitioner" or "DHCS"), on December 17, 2015.  Real parties in interest Placentia-Yorba Linda Unified School District ("PYLUSD") and Parents on Behalf of Student ("Parents") filed their oppositions on January 4, 2016 ("PYLUSD Opposition" and "Parents Opposition," respectively).[1]  Real party in interest Orange County Department of Education ("OCDE") did not file an opposition.[2]  Petitioner filed a Reply on January 12, 2016.  The Court found this matter suitable for disposition without oral argument and vacated the hearing set for January 25, 2016.  *See* Fed. R. Civ. P. 78(b).  For the following reasons, the Court **GRANTS** the Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

        A.      <u>Statutory/Regulatory Background</u>

In 1975, and as amended in 2004, Congress passed the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.A sections 1400, *et seq.*, 34 C.F.R. sections 3001, *et seq.*, which makes federal grants available to states that establish a policy to ensure all handicapped children are provided with the right to a free appropriate public education ("FAPE").  20 U.S.C.A. § 1412. A condition for funding is that the state education agency be held responsible for compliance with IDEA and supervision of all programs related to the education of children with disabilities.  20 U.S.C.A. § 1412(a)(11).  California adopted legislation to participate in IDEA, codified in California

---

[1] For confidentiality reasons, Student is not named in the proceedings.

[2] OCDE is incorrectly referred to as Orange County Office of Education in the state court pleadings.

Case 8:15-cv-01926-SJO-JCG Document 21 Filed 01/29/16 Page 2 of 10 Page ID #:214

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority _____<br>Send _____<br>Enter _____<br>Closed _____<br>JS-5/JS-6 _____<br>Scan Only _____ |
|---|---|---|

**CASE NO.:** SA CV 15-01926 SJO (JCGx)     **DATE:** January 29, 2016

Education Code sections 56000, *et seq.*, Cal. Code Regs., tit. 5, sections 3000, *et seq.* ("Section 56000").

The DHCS finances and administers various individual health care service delivery programs and "ensures the appropriate and effective expenditure of public resources to serve those with the greatest health care needs." (Compl. ¶ 6.) The California Children's Services Program ("CCS") is a state and county program administered by DHCS that provides services based on a medical diagnosis and established need and when those services are contained in a student's individualized education program ("IEP"). (Compl. ¶ 7.) To eligible disabled children, CCS provides medically necessary physical therapy services, and the school district is responsible for educationally necessary physical therapy services. (Mot., ECF No. 12, Ex. A Decision of the Office of Administrative Hearings ("OAH Decision") 9.) If the medically necessary and educationally necessary physical therapy services overlap, CCS was obligated to provide the services. (OAH Decision 9.) It is the primary responsibility of the public education agency to provide to qualifying students a FAPE and the services designated in the student's IEP. (Compl. ¶ 16.) If the services designated in a student's IEP are not honored by an agency deemed responsible for providing and paying for these services, the local education agency, after providing services to the pupil, may pursue payment from the other government agency through appropriate channels. (Compl. ¶ 16 (citing 20 U.S.C.A § 1412(a)(12).)

      B.      Factual Background

The DCHS alleges the following in its complaint. At the time relevant to the facts in this case, Student was a seven-year-old pupil at a public school within PYLUSD, which is an agency under the auspices of OCDE. (*See generally* Notice of Removal ("Removal"), ECF No. 1, Ex. A Petition for Writ of Mandate & Compl. for Declaratory Relief ("Compl.") ¶¶ 9, 11.) Student suffers from muscular dystrophy, resulting in severely impacted motor balance and coordination. (Compl. ¶ 11.) Pursuant to his IEP, Student receives physical therapy services from CCS and PYLUSD. (Compl. ¶ 4.) The PYLUSD is Student's local education agency and is responsible for the development, initiation, review, and revision of the services designated in Student's IEP. (Compl. ¶ 4; Mot. 5.)

In 2014, a dispute arose between Parents (on behalf of Student), PYLUSD, and CCS concerning PYLUSD's refusal to include the physical therapy services provided by CCS in Student's IEP. (Compl. ¶ 4; OAH Decision 8.) Although Parents were satisfied with the physical therapy services provided to Student, they were concerned that if they moved Student out-of-state, the new state's IEP team could be uninformed about what therapy Student required because the services were not specified in his IEP. (Compl. ¶ 4.)

///
///
///

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: <u>SA CV 15-01926 SJO (JCGx)</u>            DATE: <u>January 29, 2016</u>

    C.    Procedural Background

On December 17, 2014, Parents on behalf of Student filed a due process hearing request with the California Office of Administrative Hearings ("Respondent" or the "OAH"). On April 27 and 28, 2015, a hearing on the matter was held before Administrative Law Judge Paul H. Kamoroff of the OAH.[3] On July 2, 2015, the OAH issued a decision (the "OAH Decision"), finding that CCS was "obligated to provide Student IEP based physical therapy services that were both medically and educationally necessary," such that the IEP's failure to include these services denied Student a FAPE. (OAH Decision 17.) The OAH Decision concluded that Parents were the prevailing party, entitling them to recover attorneys' fees from CCS, (Compl. ¶¶ 5, 48), and required CCS to request PYLUSD to hold an IEP meeting for Student specifically to add CCS as the physical therapy provider in Student's IEP. (Compl. ¶ 48.)

On September 30, 2015, DHCS filed a petition for writ of mandate and complaint for declaratory relief ("Complaint") in the Superior Court of California, Orange County, Case No. 30-2015-00812467-CU-WM-CJC, seeking to set aside the OAH Decision. (Removal ¶ 3.) At issue in the Complaint is whether the OAH exceeded its jurisdiction and committed prejudicial abuse of discretion. The Complaint alleged three causes of action: (1) writ of administrative mandate, Cal. Code Civ. P. § 1094.5; (2) writ of ordinary mandamus, Cal. Code Civ. P. § 1085; and (3) declaratory relief, Cal. Cod Civ. P. § 1060. (Compl. ¶¶ 49-70.)

Real Parties in Interest PYLUSD, Parents, and the OCDE (collectively, "Real Parties") removed the action to this Court on November 18, 2015 based on federal question jurisdiction under 28 U.S.C. section 1331 and supplemental jurisdiction under 28 U.S.C. section 1367.[4] (Removal ¶¶ 9-10.) The DHCS now seeks to remand the action. For the following reasons, the Court concludes that it lacks subject matter jurisdiction and that remand is proper.

II.    <u>DISCUSSION</u>

    A.    Meet and Confer Requirement

As a threshold matter, PYLUSD argues that DHCS' failure to comply with the Local Rules renders its Motion defective. Pursuant to Local Rule 7-3, counsel are required to meet and confer prior to the filing of a motion, and to include a statement indicating that the motion is made following a conference of counsel. *See* L.R. 7-3. Notwithstanding this defect, the Court exercises its discretion and accepts the Motion. *See, e.g., Prince-Weithorn v. GMAC Mortg., LLC*, No. CV 11-

---

[3] The hearing request named PYLUSD and CCS. On April 30, 2015, Student withdrew his complaint against PYLUSD pursuant to a settlement agreement. (Compl. ¶ 5.)

[4] The parties do not address diversity jurisdiction under 28 U.S.C. section 1332.

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>SA CV 15-01926 SJO (JCGx)</u>     **DATE:** <u>January 29, 2016</u>

00816 SJO, 2011 WL 11651984, at *1 n.1 (C.D. Cal. May 5, 2011). Alternatively, the Court "may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action," *see Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002), and does so here.

    B.    <u>Legal Standard</u>

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See* 28 U.S.C. § 1447(c). Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation and internal quotation marks omitted).

Under the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). Federal question jurisdiction exists when a plaintiff asserts a claim or right "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation and internal quotation marks omitted). As the "master of the claim," the plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted). A defendant may not remove a case to federal court on the basis of a federal counterclaim or a federal defense to a state law claim. *See, e.g., Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

There are "[r]are situations where a well-pleaded state law cause of action will be deemed to arise under federal law and support removal": "(1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." *Nero v. BAE Sys., Inc.*, No. CV 13-04271 PJH, 2013 WL 6188762, at *3 (N.D. Cal. Nov. 25, 2013) (citing *ARCO Envtl. Remediation L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000)).

The DHCS argues that the action should be remanded because: (1) removal was procedurally defective; (2) the Complaint alleges only state law claims and seeks judicial review of a decision

Case 8:15-cv-01926-SJO-JCG Document 21 Filed 01/29/16 Page 5 of 10 Page ID #:217

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** <u>SA CV 15-01926 SJO (JCGx)</u>     **DATE:** <u>January 29, 2016</u>

of a state administrative law judge on state law grounds; and (3) supplemental jurisdiction would be improper.  (*See generally* Mot.)  The Court discusses each argument in turn.[5]

      C.      <u>The Court Lacks Federal Question Jurisdiction Over the Action</u>

The Court finds that it lacks federal question jurisdiction over the matter, which warrants remand. The Real Parties argue that because the OAH Decision was based on the OAH's interpretation of federal and state laws, including the IDEA, the claims arise under federal law. (See Removal 2.)  The Court disagrees.

           1.      <u>The Court Lacks Jurisdiction Over the Mandamus and Declaratory Relief Claims</u>

In its introduction, the OAH Decision states that the hearing "was held under the [IDEA], its regulations, and California statutes and regulations intended to implement it." (OAH Decision 10.) Despite this language, and the language in the Complaint reciting the legislative purpose and history of the IDEA, "the actual causes of actions stated in the complaint all sound in state law." *See Rains v. Criterion Sys. Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) ("The direct and indirect references to Title VII in those two state law causes of action do not make those claims into federal causes of action.  Rather, the complaint merely incorporates Title VII as one of several similar sources of public policy supporting defendant's state law claims.").  On the face of the Complaint, DHCS alleges three causes of action–administrative mandamus, ordinary mandamus, and declaratory relief–none of which arise under federal law.  As the master of the Complaint, DHCS may defeat removal by choosing not to plead independent federal claims.  *See Williams*, 482 U.S. at 399.

First, review of administrative decisions by means of mandamus is governed by California Code of Civil Procedure section 1094.5 ("Section 1094.5").  *Boren v. State Personnel Bd.*, 37 Cal. 2d 634, 638 (1951) (*en banc*).  Mandamus proceedings are a "state remedy," and federal courts have no jurisdiction to hear them.[6]  *See Clemes v. Del Norte Cnty. Unified Sch. Dist.*, 843 F. Supp. 583,

---

[5] In light of the jurisdictional defect, as discussed below, the Court need not discuss whether removal was procedurally proper.

[6] The PYLUSD contends that mandamus is not an appropriate procedure to appeal administrative decisions arising under the IDEA, relying on *S.F. Unified Sch. Dist. v. State of Cal.*, 131 Cal. App. 3d 54 (1982).  (PYLUSD Opp'n 6.)  This argument is unpersuasive, as the *S.F. Unified* court ultimately found it "unnecessary to decide which method of appeal is proper."  *See* 131 Cal. App. 3d at 65.  Further, as DHCS points out, whether or not Section 1094.5 is the appropriate method is a state law issue, and does not confer federal question jurisdiction over this action.  (*See* Reply of DHCS in Supp. of Mot. ("Reply") 4,

Case 8:15-cv-01926-SJO-JCG   Document 21   Filed 01/29/16   Page 6 of 10   Page ID #:218

| JS-6 | UNITED STATES DISTRICT COURT | Priority |  |
|---|---|---|---|
|  | CENTRAL DISTRICT OF CALIFORNIA | Send |  |
|  |  | Enter |  |
|  | CIVIL MINUTES - GENERAL | Closed |  |
|  |  | JS-5/JS-6 |  |
|  |  | Scan Only |  |

**CASE NO.:** SA CV 15-01926 SJO (JCGx)   **DATE:** January 29, 2016

596 (N.D. Cal. 1994), overruled on other grounds, *Maynard v. City of San Jose*, 37 F.3d 1396 (9th Cir. 1994). The Complaint's first two causes of action are for review of the OAH Decision by mandamus and are brought pursuant to the California Code of Civil Procedure. Accordingly, the Court has no jurisdiction to hear the mandamus claims.

As to the remaining cause of action–declaratory relief–it is also a state law claim brought under the California Code of Civil Procedure. Proceedings for declaratory judgment under California law cannot be brought within a federal court's original jurisdiction by removal, "[u]nless this proceeding was within the original jurisdiction of the District Court." *See S. Pac. Co. v. McAdoo*, 82 F.2d 121, 121 (9th Cir. 1936) (citation omitted). Here, the declaratory relief claim–which seeks a declaration of the parties' respective rights and duties regarding the administration and application of CCS–does not arise under the Court's original jurisdiction. (*See* Compl. ¶¶ 69-70.) The claim centers around the parties' allocation of responsibilities with respect to Student's IEP, and "Congress has left it to each state to determine which public entity within the state is responsible for providing special education and related services." *See L.A. Unified Sch. Dist. v. Garcia*, 741 F.3d 922, 923 (9th Cir. 2011). The Court fully discusses the issue of whether DHCS' right to relief depends on a substantial question of federal law in Section II.C.3., *infra*. In sum, the Court lacks jurisdiction over the mandamus and declaratory relief claims.

### 2. DHCS' Claims Are Not "Necessarily Federal in Character"

Notwithstanding the Court's conclusion that it lacks jurisdiction over mandamus and declaratory relief claims, it turns to the Real Parties' argument that the action should remain in this Court because the Complaint's claims are "necessarily federal in character" and must be re-characterized as arising under federal law. (PYLUSD Opp'n 4-5.)

Under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction by "omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." *See Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984). An artfully pleaded state law claim may be re-characterized as a federal claim by the court to which it is removed. *Rains*, 80 F.3d at 344.

The Court disagrees with the Real Parties' argument that DHCS brought an artfully pleaded complaint to avoid federal jurisdiction. The DHCS cited the IDEA as the statutory and regulatory backdrop to Section 56000, but such a citation did not mean that the claims "can be made only under federal law." *See id.* at 344. The rights surrounding whether Student was denied a FAPE and which entities were responsible for providing that right were also provided by state statutes. *See Evergreen*, 393 F. Supp. 2d at 1074 (rejecting allegation of "artful pleading" because plaintiff

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** SA CV 15-01926 SJO (JCGx)    **DATE:** January 29, 2016

chose to plead only state claims and "Washington's special education laws and administrative rights of review has concurrent jurisdiction to the Federal IDEA").

Further, "[c]onclusions by courts to which a claim is removed that state claims are actually federal in character have generally been confined to instances in which the state law claim was preempted by the federal one." See id. at 345 n.6 (citing Williams, 482 U.S. at 396 n.11); see also Arco, 213 F.3d at 1114 (citations omitted) ("A state-created cause of action can be deemed to arise under federal law [ ] where federal law completely preempts state law."). Here, "it is well settled that the IDEA does not preempt state law." Delgado v. Edison Township Bd. of Educ., No. CV 14-01757 KM, 2014 WL 5761412, at *4 n.3 (citing Evergreen, 393 F. Supp. 2d at 1075) (noting that "the IDEA specifically contemplates an elaborate interrelation of state and federal regulation"). Additionally, the regulation of health and safety of disabled children is generally an exercise of the state's traditional police power, which triggers a presumption against preemption. See Medtronic, Inc. v. Lohr, 518 U.S. 470, 475 (1996) (regulation of health and safety is traditionally occupied by states). The Real Parties do not address preemption.

Accordingly, the claims are not necessarily federal in character because the IDEA does not preempt Section 56000, and the Complaint was not artfully pleaded to avoid federal jurisdiction. See Rains, 80 F.3d at 345 ("The independent corollary to the artful pleading doctrine [known as the complete preemption doctrine] is not a valid basis for finding federal jurisdiction in this case.").

        3.    <u>DHCS' Right to Relief Does Not Depend on a Substantial Question of Federal Law</u>

Even where state law creates the cause of action, federal jurisdiction may still lie "'if it appears that some substantial, disputed question of federal law is a **necessary** element of one of the well-pleaded state claims.'" See Rains, 80 F.3d at 345 (quoting Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983) (emphasis added)). Here, the parties essentially disagree on the fundamental question presented in this lawsuit. The Real Parties argue that DCHS' right to relief depends on a substantial question of federal law: whether DHCS, through CCS, denied Student a FAPE by failing to document physical therapy services in Student's IEP. (PYLUSD Opp'n 2.) In contrast, DHCS argues that the dispute is about the state law issue of "allocation of responsibilities between state and local entities" regarding the implementation and enforcement of Student's IEP. (Mot. 3.)

The Court agrees with DHCS, as the underlying dispute concerns the delegation of responsibilities as to Student's IEP. At the OAH hearing, DHCS/CCS averred that it was "not responsible for offering IEP based physical therapy, or for delivering IEP services," and the OAH concluded that "CCS was obligated to provide Student IEP based physical therapy services." (OAH Decision 2.) In its Complaint, DHCS alleged that OAH abused its discretion "when it ordered DHCS/CCS to modify Student's IEP, which is the legal responsibility of [PYLUSD]." (Compl. ¶ 52.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:  **SA CV 15-01926 SJO (JCGx)**          DATE: **January 29, 2016**

As the Ninth Circuit explained, states must specify which public agency is responsible for providing special education services under the IDEA.  See *Garcia*, 669 F.3d at 960, 963 (citing 20 U.S.C. § 1412(a)) (states are generally responsible for ensuring IDEA's requirements are met)).  The OAH Decision echoed that the IDEA "allows states to determine for themselves whether responsibilities for the provision of a FAPE shall be delegated to public agencies other than education agencies and how those agencies shall collaborate to ensure the delivery of a FAPE to eligible pupils," by way of interagency agreements or otherwise.  (OAH Decision 11) (citing 20 U.S.C. § 1412(a)(12)(A).)  "Thus, questions of which agency is responsible for providing a student with a FAPE are determined under state law."  *Garcia*, 669 F.3d at 963 (citation omitted) (requesting California Supreme Court to decide the "novel question of California law" as to which agency is responsible for providing special education services to incarcerated student).  As such, DHCS' right to relief depends on a question of state, not federal, law.  *See, e.g., Evergreen*, 393 F. Supp. 2d at 1075 (remanding action upon finding that whether disabled student was denied a FAPE was also provided by state statute, such that complaint did not arise under federal law).

Additionally, DHCS relies on a Ninth Circuit case, *Rains*, 80 F.3d 339, for the proposition that invoking federal law "does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or state statute than [*sic*] can and does serve the same purpose."  (Mot. 8) (citing *Rains*, 80 F.3d at 345-46) (noting that the "purpose" of the state and federal statutes is "demonstrating that there is a public policy against employment discrimination on the basis of religious belief").  Because the Complaint refers to both the IDEA and Sections 56000 as bases for the public policy ensuring that every handicapped child is entitled to a FAPE, DHCS contends that, "even the question as posed by Real Parties In Interest–'whether the Department denied Student a FAPE'–could be addressed under California law should it be relevant or necessary."  (Mot. 8) (citing Cal. Educ. Code § 56040(a).)  The *Rains* court held, "When a claim can be supported by alternative and independent theories–one of which is a state law theory and one of which is a federal law theory–federal question jurisdiction does not attach because federal law is not a necessary element of the claim."  80 F.3d at 346.  To the extent that Section 56000 constitutes an independent theory that can and does serve the same purpose as the IDEA, no federal question jurisdiction would attach.  *Cf. Nero*, 2013 WL 6188762, at *6 (concluding that absent a "California counterpart" to the federal statute supporting plaintiff's claim, the claim necessarily depends on substantial question of federal law).

However, to the extent Section 56000 is not an independent theory and is interpreted in accordance with the IDEA, *Rains*' relevance would be minimized because the court expressly declined to discuss "whether or under what circumstances reliance on a state statute that incorporates or is interpreted in accordance with federal law is sufficient to avoid federal

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | ___<br>___<br>___<br>___<br>___<br>___ |
|---|---|---|---|

**CASE NO.:** SA CV 15-01926 SJO (JCGx)  **DATE:** January 29, 2016

---

jurisdiction."[7] 80 F.3d at 345 n.7. However, in dicta, the court noted a Supreme Court case that held that "the violation of the federal standard as an element of state tort recovery did not fundamentally change the state tort nature of the action." *Id.* (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 814 n.12 (1986)). Further, the court "emphasize[d] that we do not suggest that the mere fact that a state statute is construed in accordance with a federal statute gives rise to federal question jurisdiction. We simply find it unnecessary to discuss that question here." 80 F.3d at 347 n.9.

In sum, it is unclear whether *Rains* supports a conclusion that DHCS' reliance on Section 56000 is sufficient to avoid federal jurisdiction, and the Real Parties fail to address or offer clarifying case law. Alternatively, given that the dispute is regarding the parties' allocation of responsibilities, the resolution of a substantial federal question is not a necessary element of DHCS' claims. Under either ground, the Court rejects federal jurisdiction, as it must "if there is any doubt as to the right of removal in the first instance." *See Gaus*, 980 F.2d at 566.

> D. The Court Declines to Exercise Supplemental Jurisdiction

Finally, the Real Parties contend that the Court has supplemental jurisdiction over the Complaint's issues of state law and regulations because they form part of the same case and controversy regarding DHCS' obligations under the IDEA. (Removal ¶ 10.) The Court disagrees.

The statute conferring supplemental jurisdiction provides: "[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In determining supplemental jurisdiction, a court considers the interests of "economy, convenience, fairness, and comity," and may decline to exercise jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or

---

[7] *See, e.g.,* Cal. Educ. Code § 56040(a) ("A free appropriate public education shall be available to individuals with exceptional needs **in accordance with [the IDEA]**".); Cal. Educ. Code § 56000(d) (noting that the state legislature intended "to ensure that all individuals with exceptional needs are provided their rights to appropriate programs and services which are designed to meet their unique needs **under the federal [IDEA]**"); Cal. Educ. Code § 56000(e) ("It is the further intent of the Legislature that this part does not abrogate any rights provided to individuals with exceptional needs and their parents or guardians **under the federal [IDEA]**. It is also the intent of the Legislature that this part does not set a higher standard of educating individuals with exceptional needs than that established by Congress **under the [IDEA]**.") (emphases added).

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | \_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_ |
|---|---|---|---|

**CASE NO.:** <u>SA CV 15-01926 SJO (JCGx)</u>           **DATE:** <u>January 29, 2016</u>

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000-01 (citing 28 U.S.C. § 1367(c)).

Here, none of the claims arise under federal law. Even assuming the Court had original jurisdiction over some of the claims, and they formed part of the same case or controversy as the remaining claims, the Court declines to exercise supplemental jurisdiction because the interests of "federalism and comity . . . loom especially large here." *See Mory v. City of Chula Vista*, No. CV 10-00252 JLS, 2011 WL 777914, at *2 (S.D. Cal. Mar. 1, 2011). DHCS is a California state entity seeking, *inter alia*, a declaration that the OAH, a state quasi-judicial tribunal, abused its discretion. *See id.* (finding that "California has an overwhelming interest in adjudicating these claims in its state courts" where California citizen sued California government entity under California law and sought declaration that state commission abused its discretion). As to the mandamus causes of action in particular, "because writs of mandate are exclusively state procedural remedies, they involve complex issues of state law. Thus, district courts routinely deny supplemental jurisdiction over California writ of mandate claims." *Id.* (citation omitted); *see Clemes*, 843 F. Supp. at 596 (finding it "entirely inappropriate" to exercise supplemental jurisdiction over mandamus proceeding). As such, the Court declines to exercise supplemental jurisdiction over any of the claims.

III.     <u>RULING</u>

For the foregoing reasons, the Court **GRANTS** Petitioner's Motion to Remand the action to the Superior Court of California for Orange County. This action shall close.

IT IS SO ORDERED.